## Commonwealth v. Olson

*Elgin E. Weest*, for Commonwealth.
*Lloyd B. White, Jr.*, for defendant.

TOAL, J., November 13, 1953.—The Commonwealth of Pennsylvania, Department of Revenue, by its attorney, Elgin E. Weest, filed a petition for the support and maintenance of one Rebecca Olson, wife of defendant Hjalmar Olson, who has been a patient in the Norristown State Hospital since September 7, 1929. This court directed that defendant appear before the court in the office of the nonsupport officer on August 26, 1953, and upon his failure so to do it was agreed by his counsel that a hearing be held on September 4, 1953, at which time a motion was made to show cause why the petition for support and maintenance should

not be quashed. This matter has been argued before the court en banc and is now to be decided.

The reasons given for quashing the petition are as follows: (1) The petition and order attached to same is under authority of the Mental Health Act of June 12, 1951, P. L. 533. (2) The Mental Health Act provides in section 703 (50 PS §1363): (b) "When any patient is or has been admitted to any institution, any court of the county in which the patient resided prior to his admission shall have power to make an order for the payment of the costs of care of the patient." (3) The patient in the above-captioned matter resided, prior to her admission, in the County of Philadelphia.

The Commonwealth filed an answer to the motion to quash admitting that the proceedings were instituted under the authority of the Mental Health Act of June 12, 1951, P. L. 533, sec. 701 (50 PS §1361) which reads as follows:

"Except as otherwise specifically provided in this act, liability for all costs of care of any patient in any State institution is hereby imposed, in the following order, against:

"(1) The patient's real and personal property;

"(2) The persons liable for the patient's support;

"(3) The Commonwealth. . . ."

The petition for support and maintenance alleges in paragraph 5 thereof that Rebecca Olson is an indigent, and has no estate of her own, either real or personal from which there is any income to take care of her maintenance and support. The law therefore places the liability for her maintenance and support upon her husband, defendant in this case.

The record indicates that defendant is presently a resident of the County of Delaware, residing at 32 Westwood Pike Drive, Havertown, and owns real property of an approximate value of $12,000. The record

also discloses that as of June 30, 1953, the sum of $7,442.64 is due the Commonwealth for the support and maintenance of defendant's wife in a State institution. The petition of the Commonwealth presently before the court is for future maintenance and support of defendant's wife in the State institution.

There is no question in this case of the husband's responsibility for his wife's maintenance and support. The only question is whether the court of Delaware County has jurisdiction to place an order on him for this support or whether the Mental Health Act of 1951 gives exclusive jurisdiction to the Philadelphia courts, because at the time the wife was committed to the State institution, she was a resident of Philadelphia and had been prior thereto.

In this case we are not dealing with substantive law but merely with procedure and therefore should construe the wording of the act liberally so that its provisions may be carried out with efficiency and dispatch. If the wife were not an inmate of a State institution, the husband could be made to support her under a court order either in the county of his legal residence or in the county of her legal residence. There is also the principle of law that when a husband and wife are living together that the matrimonial domicile follows the husband. We are of the opinion that to permit this husband to temporarily escape his duty and compel the Commonwealth to abandon its case in Delaware County and commence a new action in Philadelphia County, where defendant no longer is a resident, would defeat the very purpose of the legislation enacted by the legislature to create a workable and efficient method to compel those legally responsible to assume their responsibilities. The record indicates that defendant in the case at bar has failed and refused to assume his rightful responsibilities of the support and maintenance of his unfortunate wife and the time has come to see that he is compelled to do so.

We therefore find that the court of Delaware County has jurisdiction under the Mental Health Act of 1951 to place an order for support and maintenance against defendant after hearing the facts. Accordingly the following is made:

*Order*

And now, November 13, 1953, the above matter having been argued before the court en banc and due consideration having been given same it is hereby ordered, adjudged and decreed as follows:

1. The motion to quash the Commonwealth's petition for support and maintenance be and the same is hereby dismissed.

2. The matter should forthwith be brought before the court for a hearing.